IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01817-PAB

STEVEN B. SILVERSTEIN,

    Plaintiff,

v.

JEFFREY A. WOLF,
JEAN WOLF,
KIVA LLC,
WHEATLEY IRREVOCABLE TRUST,
MESHAKAI WOLF,
RAPID PARK HOLDING CORP,
PATUSH LLC, and
183 WEST ALAMEDA LLC.

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on plaintiff's Complaint [Docket No. 1]. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 12.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so.

*Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  See *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Mr. Silverstein asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 4, ¶ 12.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding six defendants' citizenship are not well-pled.

For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, when a plaintiff alleges the citizenship of a corporation, he must list the state(s) where it has been incorporated and the state where it has its principal place of business. Mr. Silverstein describes Rapid Park as "a New York business entity with its founder and manager . . . operating the business from Steamboat Springs, CO." Docket No. 1 at 3, ¶ 9. It is not sufficient for Mr. Silverstein to state that Mr. Wolf operates the business from Steamboat Springs, CO without explicitly indicating that it is Rapid Park's primary place of business. For this reason, the Court is unable to determine Rapid Park's citizenship.

The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Mr. Silverstein's statement regarding the citizenship of West Alameda indicates that Mr. Wolf is the LLC's sole member, but this allegation is nonetheless deficient. Docket No. 1 at 4, ¶ 11. The complaint states that Mr. Wolf is "West Alameda's only *known* member and manager." *Id.* (emphasis added). A statement that does not identify the membership of an LLC is not sufficient to establish diversity jurisdiction. *See Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of

New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC).[1]  The Court is therefore unable to determine West Alameda's citizenship at this time.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

The citizenship of a trust is determined by the citizenship of the natural persons that make up the trust, and whether it is a business trust or a traditional trust.  In *Americold Realty Trust v. ConAgra Foods, Inc.,* the Supreme Court held that the citizenship of a real estate investment trust, like the citizenship of other unincorporated entities, depends on the citizenship of all its members.  136 S. Ct. 1012, 1016 (2016).  "[W]hen a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs – as is true of any natural person."  *Id.*  Thus, *Americold* appears to establish rules for determining a party's citizenship depending on whether the party is a trustee or the trust itself.  However, the Court further explained:

> Americold's confusion regarding the citizenship of a trust is understandable and widely shared.  The confusion can be explained, perhaps, by tradition.  Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people.  Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name.  And when a trustee files a lawsuit or is sued in her own

---

[1] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, Case No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990)).

> name, her citizenship is all that matters for diversity purposes. For a
> traditional trust, therefore, there is no need to determine its membership,
> as would be true if the trust, as an entity, were sued. Many States,
> however, have applied the "trust" label to a variety of unincorporated
> entities that have little in common with this traditional template. . . . So
> long as such an entity is unincorporated, we apply our "oft-repeated rule"
> that it possesses the citizenship of all its members. But . . . this rule [does
> not] limit[] an entity's membership to its trustees just because the entity
> happens to call itself a trust.

*Id.* (internal citations omitted). Although this language is open to interpretation, this Court has adopted the interpretation of at least six circuits that *Americold* establishes, "in contrast to a business trust, the citizenship of a traditional trust is determined solely by the citizenship of its trustees." *Woodward, Inc. v. ZHRO Solutions, LLC*, No. 18-cv-01468-PAB, 2018 WL 4697324, at *2 (D. Colo. June 26, 2018) (citing *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018)); *see also Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019); *Bank of New York Mellon as Tr. for Benefit of Certificate Holders of CWABS, Inc., Asset Backed Certificates, Series 2004-2 v. Thunder Properties, Inc.*, 778 F. App'x 488, 488 (9th Cir. 2019) (unpublished); *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017); *Wang ex rel. Wong v. New Mighty U.S. Trust*, 843 F.3d 487, 494 (D.C. Cir. 2016). Thus, in order to demonstrate a trust's citizenship, a party must allege facts demonstrating that the trust is either a traditional trust or a business trust.[2] If the trust is

---

[2] There are two principal distinctions between a traditional trust and a business trust. *See Woodward*, 2018 WL 4697324, at *2 (citing *GB Forefront*, 888 F.3d at 40–41). First, "a traditional trust exists as a fiduciary relationship," while a business trust is treated as a distinct legal entity. *GB Forefront*, 888 F.3d at 40. Second, "a traditional trust facilitates a donative transfer, whereas a business trust implements a bargained-for exchange." *Id.* The Ninth Circuit has identified additional factors to consider when defining a trust, including "the nature of the trust as defined by the applicable state law,

a traditional trust, the party must then trace the citizenship of all of its trustees; if the trust is a business trust, the party must trace the citizenship of all of its members. Mr. Silverstein has not established what type of trust the Wheatley Irrevocable Trust is and has not identified its members or trustees and their citizenship. For this reason, the Court is unable to determine the Wheatley Irrevocable Trust's citizenship.

Because the allegations regarding the citizenship of certain defendants are not well-pled, the Court is unable to determine whether the Court has jurisdiction. *See Chuska.*, 55 F.3d at 1495 ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **November 2, 2022**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 19, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

whether the trust has or lacks juridical person status, whether the trustee possesses real and substantial control over the trust's assets, and the rights, powers, and responsibilities of the trustee, as described in the controlling agreement." *Demarest v. HSBC Bank U.S.A, N.A.*, 920 F.3d 1223, 1229-30 (internal citations omitted).