IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01817-PAB-NRN

STEVEN B. SILVERSTEIN,

    Plaintiff,

v.

JEFFREY A. WOLF,
JEAN WOLF,
KIVA LLC,
WHEATLEY IRREVOCABLE TRUST,
MESHAKAI WOLF,
RAPID PARK HOLDINGS CORP.,
PATUSH, LLC,
183 WEST ALAMEDA, LLC,
MADISON FAMILY ENTERPRISES, LLC,
JOSHUA REY, and
EVERGREEN FAMILY REVOCABLE TRUST,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff Steven B. Silverstein's Motion to Enjoin Transfers of Stock, to Levy Execution on Proceeds of Stock, and for Appointment of Receiver Over Stock [Docket No. 72]. The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

**I. BACKGROUND**

Mr. Silverstein filed this case on July 22, 2022 against defendants Jeffrey A. Wolf, Jean Wolf, KIVA LLC, Wheatley Irrevocable Trust, Meshakai Wolf, Rapid Park Holding Corp., Patush, LLC, and 183 West Alameda, LLC. Docket No. 1. Mr.

Silverstein amended his complaint to include three additional defendants: Madison Family Enterprises, LLC, Joshua Rey, and Evergreen Family Revocable Trust.  Docket No. 87.  According to the amended complaint, the dispute between the parties concerns judgments that were entered in a Tulsa County, Oklahoma case in favor of Mr. Silverstein and against defendants Jeffrey A. Wolf and Jean Wolf, as well as two other entities.  *Id.* at 6, ¶¶ 17-18.  The Oklahoma court entered final judgment for costs, fees, and interest in Mr. Silverstein's favor on March 4, 2022.  *Id.*, ¶ 18.  Mr. Silverstein states that the current amount of the judgments, with interest, is approximately $2,000,000.  *Id.*  On April 1, 2022,[1] Mr. Silverstein obtained a writ of execution in the United States District Court for the District of Colorado directing the United States Marshal of the District of Colorado to enforce the payment of the judgment against Mr. Wolf.  *Id.* at 14, ¶ 45; *see also* Docket No. 72-3.  However, Mr. Silverstein claims that he still has not been paid.  Docket No. 87 at 1, ¶ 1.

Mr. Silverstein alleges that defendants have "engaged in a series of fraudulent transfers and efforts to hide assets."  *Id.* at 7, ¶ 19.  He claims that, after the writ of execution was issued against Mr. Wolf, Mr. Wolf formed a new company in Wyoming called Madison Family Enterprises, LLC ("Madison"), of which he is the only known member and manager.  *Id.* at 5, ¶ 12.  Mr. Silverstein states that on December 29, 2022, Mr. Wolf transferred all of his stock in Rapid Park Holding Corp. ("Rapid Park") to Madison.  *Id*. at 13, ¶ 43.  Mr. Silverstein claims that Mr. Wolf transferred the stock in

---

[1] The amended complaint states that the writ was issued on April 27, 2022, Docket No. 87 at 14, ¶ 45, but the copy of the writ attached to Mr. Silverstein's Motion to Enjoin Transfers of Stock, to Levy Execution on Proceeds of Stock, and for Appointment of Receiver Over Stock states that it was issued on April 1, 2022.  Docket No. 72-3.

coordination with Rapid Park and defendant Joshua Rey "for the sole purpose of fraudulently aiding [Mr.] Wolf in the evasion of [Mr.] Wolf's liability" to Mr. Silverstein. *Id.* at 5, ¶ 12.

The operative complaint in this matter is Mr. Silverstein's first amended complaint. *See generally id..* The first amended complaint begins by stating that Mr. Silverstein "brings his causes of actions [sic] against the Defendants as follows:" *Id.* at 1. The complaint is organized three sections: I. Parties, Venue, and Jurisdiction; II. Factual Allegations; and III. Prayer for Relief. *See generally id.* There is no section for causes of action. In fact, there are no allegations that clearly identify any cause of action under any identified statute or principle of common law against any of the named defendants. *Id.*

On June 21, 2023, Mr. Silverstein filed his Motion to Enjoin Transfers of Stock, to Levy Execution on Proceeds of Stock and for Appointment of Receiver Over Stock. Docket No. 72. The motion states that, "[w]hile multiple transfers are at issue in this suit, this Motion targets only the Rapid Park stock and the proceeds from the Rapid Park stock." *Id.* at 4, ¶ 5. The motion seeks three forms of relief which it states are "expressly authorized" under Colo. Rev. Stat. § 38-8-108: (1) an injunction temporarily prohibiting the transfer of Mr. Wolf's stock in Rapid Park, including the stock that is held by Madison, without an order from this Court; (2) an order levying execution on Mr. Wolf's Rapid Park stock or the proceeds derived from the stock; and (3) the appointment of a receiver to take control of Mr. Wolf's stock in Rapid Park, including any entity which might have received a transfer of the stock. *Id.* at 9. Defendants Rapid

3

Park, Mr. Wolf, Jean Wolf, KIVA LLC, and Wheatley Irrevocable Trust filed responses opposing Mr. Silverstein's motion. Docket Nos. 81, 82.

## II. LEGAL STANDARD

The motion seeks relief under the Colorado Uniform Fraudulent Transfer Act ("CUFTA"). Docket No. 72 at 9. Section 108 of CUFTA provides remedies for creditors seeking relief under the statute, including: "(I) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (II) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (III) Any other relief the circumstances may require." Colo. Rev. Stat. § 38-8-108(1)(d). Section 108 also provides that a creditor may levy execution on the asset transferred or its proceeds if the creditor has obtained a judgment on a claim against the debtor. *Id.* at § 38-8-108(2).

To obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure,[2] the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7,

---

[2] Section 108(1)(d) states that a creditor may obtain the enumerated remedies "in accordance with the applicable rules of civil procedure." Colo. Rev. Stat. § 38-8-108(1)(d). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Hill v. J.B. Hunt Transp., Inc.*, 815 F.3d 651, 667 (10th Cir. 2016) (same). Accordingly, the applicable rules of civil procedure are the Federal Rules of Civil Procedure.

20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule."  *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

## III. ANALYSIS

The motion seeks three forms of relief: (1) an injunction temporarily prohibiting the transfer of Mr. Wolf's stock in Rapid Park without an order from this Court; (2) an order levying execution on Mr. Wolf's Rapid Park stock or the proceeds derived from the stock; and (3) the appointment of a receiver to take control of Mr. Wolf's stock in Rapid Park.  Docket No. 72 at 9.  The Court will address each in turn.

### A.  Injunctive Relief

Mr. Silverstein's motion asks the Court to enjoin Mr. Wolf and any other party from transferring Mr. Wolf's Rapid Park stock.  Docket No. 72 at 1.  The Tenth Circuit has held that the party seeking a preliminary injunction has the burden to demonstrate a likelihood of success on the merits of the case.  *RoDa Drilling*, 552 F.3d at 1208.  However, when a complaint fails to satisfy Rule 8 because it does not contain a "short and plain statement" of the claims asserted, *see* Fed. R. Civ. P. 8(a)(2), the plaintiff cannot demonstrate a likelihood of success under Rule 65 on his claims because it is unclear what those claims are.  See *Freeman v. Colo. Dept. of Corrections,* No. 21-cv-

01103-GPG, 2021 WL 11586294, at *2 (D. Colo. June 28, 2021) (finding that plaintiff's motion for a preliminary injunction failed to demonstrate likelihood of success on the merits where her complaint failed to set forth cognizable claims for relief); *Olola v. U.S. Attorney General*, No. 18-cv-00058-GPG, 2018 WL 11446892, at *3 (D. Colo. Feb. 22, 2018) (denying a motion for preliminary injunction where incarcerated plaintiff had not filed a prisoner complaint in the form required by statute because plaintiff "had not filed an operative pleading that meets the requirements of Rule 8 of the Federal Rules of Civil Procedure, this Court lacks authority to entertain this request for preliminary injunctive relief"); *Booth v. Newsom*, 2020 WL 6741730, at *5 (E.D. Cal. Nov. 17, 2020) (denying plaintiff's motion for preliminary injunction on the basis that it was "impossible to determine whether there are serious questions going to the merits" or whether the plaintiff was at risk of irreparable harm because there was "no cognizable claim before the court").

      Here, the operative complaint contains no causes of action. *See generally* Docket No. 87. Mr. Silverstein does not state what claims he is asserting against which defendants regarding what conduct during what time periods. For example, Mr. Silverstein does not identify any specific legal right that he believes defendants have violated, only alleging that "fraudulent transfers" have taken place without citing to any source of law that forbids the alleged transfers.[3] *Id.* at 10, ¶ 29. Mr. Silverstein's failure

---

[3] The failure of the amended complaint to state any causes of action, in violation of Rule 8, is particularly striking in light of the fact that, in a different case before the Court, then-Magistrate Judge Nina Y. Wang specifically advised Mr. Silverstein that a complaint violates Rule 8 when it does not include any causes of action. *See Silverstein v. JTG Ventures, LLC et. al.,* No. 22-rj-00001-PAB-SKC, Docket No. 32 at 14 (D. Colo. June 14, 2022).

to state identifiable causes of action claims violates Rule 8.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (holding that a complaint satisfies Rule 8 when it states "what specific legal right the plaintiff believes the defendant violated," which provides the court "sufficient clarity to adjudicate the merits" of the plaintiff's claim); *Polovino v. Int'l Brotherhood of Elec. Workers, AFL-CIO*, 2015 WL 4716543, at *4 (N.D. Okla. Aug. 7, 2015) ("A complaint falls short . . . when it fails to list or clearly articulate any causes of action.") (citing *Mann v. Boatright,* 477 F.3d 1140, 1147-48 (10th Cir. 2007)).  The failure of the amended complaint to comply with Rule 8 by stating causes of action precludes Mr. Silverstein from demonstrating success on the merits of his claim for injunctive relief because he does not bring any claims against defendants on which he could succeed.  Therefore, the Court will decline to enjoin transfers of Mr. Wolf's stock.

### B.  Execution of Stock and Appointment of Receiver

In addition to an injunction, Mr. Silverstein's motion seeks the appointment of a receiver to take control of Mr. Wolf's stock and an order levying execution upon that stock.  Docket No. 72 at 9.  Mr. Silverstein states that these remedies are expressly authorized by CUFTA.  *Id.*  However, as described above, the operative complaint does not contain any causes of action.  Furthermore, Mr. Silverstein may not amend his complaint through his motion.  *See Mathison v. Wilson,* No. 14-cv-03345-RM-STV, 2017 WL 4221396, at *7 n.14 (D. Colo. Feb. 28, 2017) (holding that plaintiff may not amend his complaint through arguments in a brief); *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (holding that plaintiff may not amend her complaint by adding factual allegations in response to a motion to dismiss) (citing *Jojola*

7

*v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)).  Because the operative complaint does not contain any cause of action that would entitle Mr. Silverstein to relief under CUFTA, the Court will deny his requests for appointment of a receiver to take control of Mr. Wolf's stock and an order levying execution upon that stock.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Motion to Enjoin Transfers of Stock, to Levy Execution on Proceeds of Stock, and for Appointment of Receiver Over Stock [Docket No. 72] is **DENIED**.

DATED July 28, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge