IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01817-PAB-NRN

STEVEN B. SILVERSTEIN,

    Plaintiff,

v.

JEFFREY A. WOLF,
JEAN WOLF,
KIVA LLC,
WHEATLEY IRREVOCABLE TRUST,
MESHAKAI WOLF,
RAPID PARK HOLDING CORP,
PATUSH, LLC,
183 WEST ALAMEDA, LLC,
MADISON FAMILY ENTERPRISES, LLC,
JOSHUA REY,
EVERGREEN FAMILY IRREVOCABLE TRUST, AND
FOUNDATION FOR ARTS CULTURE & EDUCATION LTD.,

    Defendants.

## ORDER

This matter comes before the Court on Defendants Jeffrey Wolf's and Madison Family Enterprises, LLC's Motion to Modify the Preliminary Injunction Order [Docket No. 256], wherein defendants Jeffrey Wolf and Madison Family Enterprises, LLC ("Madison") (collectively, "defendants") seek to modify the portion of the Court's August 21, 2025 order that found that the appointment of a receiver was appropriate. *See* Docket No. 256 at 6-7. Plaintiff Steven B. Silverstein filed a response. Docket No. 257.

Defendants filed a reply. Docket No. 258. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

The procedural history of this case, as well as the Court's findings of facts based on the evidence presented at an August 19, 2025 preliminary injunction hearing, are set forth in the Court's August 21, 2025 order. See Docket No. 248 at 1-7. On September 18, 2024, Mr. Silverstein filed a motion for injunctive relief seeking 1) a preliminary injunction barring the defendants named in the lawsuit from transferring the Rapid Park stock that Mr. Wolf had transferred to Madison, 2) a levy of execution of the Rapid Park stock, or 3) a receivership over Rapid Park stock controlled by Mr. Wolf. Docket No. 181. On August 19, 2025, the Court held a preliminary injunction hearing at which the parties presented evidence and oral argument. Docket No. 247. On August 21, 2025, the Court issued a preliminary injunction barring the transfer of the shares of Rapid Park stock that were owned by Mr. Wolf and then transferred to Madison. Docket No. 248 at 23-24. The Court found that the appointment of a receiver over the Rapid Park stock was warranted, see id. at 19-22, and directed the parties to propose candidates to serve as the receiver. Id. at 24. The Court also directed the parties to file any objections to the receiver candidates proposed by the opposing side. Id. The parties filed their lists of proposed candidates and their objections. See Docket Nos. 251-255.

On September 22, 2025, before the Court appointed a receiver, defendants filed the present motion. Docket No. 256.

## II.  ANALYSIS

Defendants describe their motion as one to "modify" the Court's preliminary injunction order.  *Id.* at 1.  Defendants do not identify the legal standard governing their request.  The Court will treat the motion as one seeking reconsideration.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Motions for reconsideration are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).[1]

The Court understands defendants' motion to make three arguments as to why the Court should not appoint a receiver.  *See* Docket No. 256 at 7-15.  First, defendants argue that Mr. Silverstein's motion for injunctive relief stated that the appointment of a receiver was not necessary in the event that the Court chose either to issue a preliminary injunction barring stock transfers or to levy execution on the proceeds of the Rapid Park stock.  *Id.* at 7,11-13.  Given plaintiff's statement, defendants claim that the Court should reconsider its appointment of a receiver.  *Id.*  Defendants do not identify

---

[1] Courts within the Tenth Circuit have discussed other standards for motions to "modify" an order granting injunctive relief.  In *PTI Grp., Inc. v. Gift Card Impressions, LLC*, 2014 WL 2865673, at *1 (D. Kan. June 24, 2014), the court discussed two possible standards for these types of motions.  One standard would require the moving party to show "changed factual or legal circumstances."  *Id.*  The other standard would allow modification "in light of subsequent changes in the facts or law or for any other good reason."  *Id.* (citation omitted).   The Court finds these standards to be similar to the standard it applies here and finds that defendants' motion would fail regardless of which standard the Court applies.

any intervening change in controlling law or any new evidence that was previously unavailable that should cause the Court to change its order.  Defendants also do not identify any "clear error" or "manifest injustice."  To the extent that their first argument can be construed as being based on the idea of "clear error," the Court finds that there was no "clear error" in its decision to appoint a receiver in addition to entering a preliminary injunction.  The Court has discretion in fashioning equitable relief, *see S.E.C. v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010), and the Court explained in its August 21, 2025 order why it found that the circumstances of this case presented the kind of extreme situation warranting a receivership.  *See* Docket No. 248 at 19-22.  The Court therefore finds that there was no "clear error" in its decision to order the appointment of a receiver that would merit reconsideration.

Second, defendants argue that the appointment of a receiver over the Rapid Park stock will result in a hardship to Mr. Wolf because Mr. Wolf previously claimed a tax deduction for donating the Rapid Park stock to a charitable fund and may therefore have to amend his tax filings and pay a penalty if the stock is placed into a receivership. Docket No. 256 at 13-14.  In support of this argument, defendants provide a declaration from Michael Gilburd, a financial advisor to Mr. Wolf.  Docket No. 256-3.  Defendants do not explain why this issue constitutes an intervening change in the controlling law, new evidence previously unavailable, or a "clear error" or "manifest injustice."  Moreover, the motion does not explain why whatever risk of financial hardship Mr. Wolf faces from the appointment of a receiver is a new risk that did not exist at the time of the preliminary injunction hearing.  There is also no reason that Mr. Wolf could not have raised this issue as part of his response to the motion for injunctive relief or at oral argument on the

4

motion.[2]  A motion for reconsideration is not an appropriate vehicle to advance arguments that could have been raised before.  *Servants of the Paraclete*, 204 F.3d at 1012.  As such, the Court rejects this argument.

Third, the motion lists the factors courts have considered in deciding whether the appointment of a receiver is appropriate.  Docket No. 256 at 8.  The motion discusses each of those factors, arguing that they do not weigh in favor of the appointment of a receiver.  *Id.* at 10-14.  This part of the motion also does not identify any intervening change in the controlling law, new evidence previously unavailable, or a "clear error" or "manifest injustice."  There is also no reason that Mr. Wolf could not have raised this issue as part of his response to the motion for injunctive relief or at oral argument on the motion.  A motion for reconsideration is not an appropriate vehicle to advance arguments that could have been raised before.  *Servants of the Paraclete*, 204 F.3d at 1012.  As such, the Court rejects this argument.

---

[2] At the August 19, 2025 preliminary injunction hearing, Mr. Wolf argued that he would face tax penalties if he transferred the Rapid Park stock again, and that threat of these penalties was a reason to find that there was no risk of future transfers of the stock.  Mr. Wolf did not argue that the appointment of a receiver to take control of the stock would pose any hardship.

5

## III. CONCLUSION

It is therefore

**ORDERED** that Defendants Jeffrey Wolf's and Madison Family Enterprises, LLC's Motion to Modify the Preliminary Injunction Order [Docket No. 256] is DENIED.

DATED March 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge