IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01817-PAB-NRN

STEVEN B. SILVERSTEIN,

    Plaintiff,

v.

JEFFREY A. WOLF,
JEAN WOLF,
KIVA LLC,
WHEATLEY IRREVOCABLE TRUST,
MESHAKAI WOLF,
RAPID PARK HOLDING CORP,
PATUSH, LLC,
183 WEST ALAMEDA, LLC,
MADISON FAMILY ENTERPRISES, LLC,
JOSHUA REY,
EVERGREEN FAMILY IRREVOCABLE TRUST, AND
FOUNDATION FOR ARTS CULTURE & EDUCATION LTD.,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Default Judgment against Joshua Rey [Docket No. 218]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

The background facts of this case are set forth in previous orders of the Court. *See* Docket No. 113 at 1-4; Docket No. 177 at 2-7; Docket No. 248 at 1-7. In the present motion, plaintiff Steven B. Silverstein seeks default judgment against defendant Joshua Rey. Docket No. 218 at 1. In support of his motion, Mr. Silverstein explains that

Mr. Rey "was served personally with a summons and a copy of the First Amended Complaint on 7/21/2023. . . . Service was by a licensed process server." *Id.*, ¶ 2. Mr. Silverstein has submitted a proof of service. Docket No. 116.

Mr. Silverstein filed his first amended complaint on July 12, 2023. Docket No. 87. One of the amendments in the first amended complaint was the addition of Mr. Rey as a defendant. *Id.*; s*ee also* Docket No. 113 at 2.

On July 28, 2023, the Court issued an order on the preliminary injunction motion filed by Mr. Silverstein. Docket No. 113. The Court denied the motion based on the fact that the operative complaint – the first amended complaint at Docket No. 87 – contained no causes of action. *Id.* at 6-7. As the Court explained, "[t]here is no section for causes of action. In fact, there are no allegations that clearly identify any cause of action under any identified statute or principle of common law against any of the named defendants." *Id.* at 3. Thus, the first amended complaint contained no claim against Mr. Rey.

On August 18, 2023, Mr. Silverstein filed his second amended complaint. Docket No. 125. The second amended complaint is the operative complaint. The second amended complaint contains six claims based on violations of the Colorado Uniform Fraudulent Transfer Act ("CUFTA") and one claim for civil conspiracy. *See id.* at 7-28. The third CUFTA claim in this complaint is directed against Mr. Rey. *See id.* at 17-20, ¶¶ 61-76.

Federal Rule of Civil Procedure 5(a)(2) states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2); *see also Williams v. Cutting Edge Hairstyling*, 2010 WL 3908608, at *1 (D. Kan.

2

Oct. 1, 2010) ("When, as here, a defendant has failed to appear, a pleading that asserts a new claim for relief against the defendant must be served under Rule 4."). The purpose of Rule 5(a)(2) is "to ensure that a party's decision not to defend a lawsuit is an informed one about [his] potential liability." *Bodied by Bella Boutique LLC v. Bodyed by Bella LLC*, 2023 WL 356238, at *5 (D. Utah Jan. 23, 2023). Because the second amended complaint states a claim for relief against Mr. Rey, and the first amended complaint did not, Mr. Rey must be served with the second amended complaint before default judgment is appropriate. As Mr. Silverstein provides no evidence that he served Mr. Rey with the second amended complaint, the Court will deny without prejudice Mr. Silverstein's motion for default judgment.

It is therefore

**ORDERED** that Plaintiff's Motion for Default Judgment against Joshua Rey [Docket No. 218] is **DENIED without prejudice**.

DATED March 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge